IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN K BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: **3:13-cv-00079-JPG-PMF** |
| | ) |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, KPMG, | ) |
| LLP | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**FRAZIER, Magistrate Judge:**

A discovery dispute conference was held on November 21, 2013. Attorney Jeffrey A. Herman was in attendance for Plaintiff. Attorneys Stanley G. Schroeder and Shannon Lindsay Cade were in attendance for Defendant KPMG, LLP, and attorney Patrick C. DiCarlo was in attendance for Defendant Prudential Insurance Company of America.

**A. Defendant KPMG's Request for a Protective Order**

This is case brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and 29 U.S.C. § 1132. Some confusion has arisen over the appropriate standard of review to apply to this case and, as a consequence, the appropriate scope of discovery. In an ERISA case such as this, a *de novo* standard is utilized "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L. Ed. 2d 80 (1989). If review is *de novo*, discovery may be permitted. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999). If such discretionary authority exists, review is limited to the administrative record and discovery is not permitted. *See id.*

1

The undersigned acknowledges and the parties agree that no ruling deciding the appropriate standard of review has been docketed as of this date. A July 12, 2013 hearing was conducted by this Court on Plaintiff's (Doc. 28) motion for a protective order. *See* Doc. 44. Plaintiff's sought to forbid the taking of her deposition because counsel for the respective parties had previously agreed no depositions would be taken. *See* Doc. 28-1 at 3. Defendant KPMG filed a response indicating that it sought to take a deposition only on counts 1 and 2 of the first amended complaint. *See* Doc. 42. KPMG limited its request because it believed that discovery was not permitted as to counts 3 and 4. *See id*. At the conclusion of the July 12 hearing, a minute order was entered by this Court stating as follows:

> The Motion for Protective Order (Doc. 28) is Granted in part and Denied in part. The motion is Granted as to Counts 3 and 4 and Denied as to Counts 1 and 2. Depositions can be taken as to Counts 1 and 2.

Doc. 44.

The instant dispute arose after Plaintiff served a notice of deposition and accompanying *duces tecum* production upon KPMG seeking to depose an officer of the company on all counts of the amended complaint. KPMG, consistent with its prior to response to Plaintiff's motion for a protective order, insists that discovery is not permitted on counts 3 and 4. KPMG understands the Court's (Doc. 44) order as placing a limitation on all discovery as to counts 3 and 4. It also claims that Plaintiff has taken inconsistent positions by previously filing a motion for a protective order seeking to limit discovery and now seeking discovery on all counts. Whether or not Plaintiff has taken inconsistent positions is of little consequence, but for whatever its worth, Plaintiff insists he has never claimed that discovery should be limited to administrative record.

This Court's (Doc. 44) minute order is, admittedly, somewhat cryptic. So to the extent that the order may be interpreted as limiting the scope of discovery in this case in any way, that order is vacated. Although no decision is now made as to the standard of review that will

ultimately be applied to this case, the undersigned does not find good cause to limit discovery at this time. Discovery is permissible on all counts of the amended complaint the same as it would be in a contractual dispute case. Accordingly, KPMG's motion for a protective order seeking limit discovery as to counts 3 and 4 is denied.

### B. Plaintiff's Motion to Compel

Plaintiff has requested the Court to compel responses from KPMG regarding requests for production and interrogatories. KPMG has timely answered but objected to many of the requests. As a matter of course, the Court now strikes the general objections listed by KPMG in its responses to Plaintiff's discovery requests because the Federal Rules of Civil Procedure *specifically* require parties to either respond or object to each request for production or interrogatory. *See* FED. R. CIV. P. 33(b)(3), 34(b)(2)(B). Because some KPMG's responses reference the now stricken general objections, KPMG will be afforded an additional 45 days to provide responses to the requests for discovery.

### C. Trial Practice Schedule

The Court amends the trial practice schedule in this case as follows: all deadlines are delayed by 6 months. The discovery deadline is reset to November 14, 2014. The dispositive motions deadline is reset to December 2, 2014. The bench trial before Judge Gilbert is reset to April 13, 2015 at 9:00 a.m.

**SO ORDERED.**

**DATED: November 22, 2013.**

                                             */s/ Philip M. Frazier*
                                             PHILIP M. FRAZIER
                                             UNITED STATES MAGISTRATE JUDGE